UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMUR EQUIPMENT, INC.,<br>    **Plaintiff, Counter-Defendant,**<br><br>            v.<br><br>JOSÉ CARDONA-FERNÁNDEZ,<br>    **Defendant, Counter-Claimant, Third Party Plaintiff**<br><br>            v.<br><br>CYNOSURE, LLC, and SPARK MEDICAL MARKETING,<br>    **Third-Party Defendants.** | **Civil No.** 25-1017 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is the Report and Recommendation ("R&R") (Docket No. 56), regarding plaintiff/counter-defendant Amur Equipment, Inc. ("Amur")'s motion to dismiss defendant/counter-plaintiff/third party plaintiff José M. Cardona-Fernández ("Cardona")'s counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), and third party defendant Cynosure, LLC ("Cynosure")'s motion to dismiss the third party complaint pursuant to Rule 12(b)(6). (Docket No. 23; Docket No. 42; Docket No. 43.) Having considered the magistrate judge's recommendations, Cardona's objections, and Amur's response to the

Civil No. 25-1017 (FAB)                                                       2

objections (Docket No. 56; Docket No. 59; Docket No. 60)[1], the Court **ADOPTS** the R&R and **GRANTS** Amur's and Cynosure's motions to dismiss.

## I. Background

The Court draws the following facts from the complaint, the amended counterclaim and the third-party complaint. (Docket No. 1; Docket No. 35.) The Court also draws facts from the materials appended to Amur's complaint and Cynosure's motion to dismiss. (Docket No. 1-4; Docket No. 43-1.) These appended materials are "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see Newman v. Lehman Bros. Holdings Inc., 901 F.3d 19, 25 (1st Cir. 2018); Brennan v. Zafgen, Inc., 853 F.3d 606, 609–10 (1st Cir. 2017). No party disputes the authenticity of any of the appended materials. The Court "take[s] as true the allegations of the complaint, as well as any inferences [the Court] can draw from it in the plaintiff's favor." Zenón v. Guzmán, 924 F.3d 611, 615 (1st Cir. 2019).

---

[1] Cynosure did not respond to Cardona's objections.

Civil No. 25-1017 (FAB)                                                  3

On June 24, 2021, Cardona entered into an agreement with Cynosure[2] to purchase specialized medical equipment identified as "Cynosure Tempsure and Sculpsure." (Docket No. 35 at p. 2; Docket No. 43-1.) Cardona alleged that, in order to get him to purchase the equipment, Cynosure promised him that the equipment would deliver more than thirty patients and monthly profits of $30,000 to him. Cynosure also committed not to sell the equipment to others within a 15-mile radius of Cardona's office, if he agreed to use Spark Medical Marketing ("Spark") as his marketing firm. (Docket No. 35 at pp. 2-3.) Cardona alleges that none of this ultimately occurred. Id. at p. 4.

To pay for the specialized medical equipment, Cardona entered into an Equipment Finance Agreement ("EFA") with Amur on June 30, 2021. (Docket No. 1 at p. 2; Docket No. 1-4.) Cardona took out a loan of $165,995 to be paid back in 66 months. (Docket No. 1-4.) Under the EFA, Cardona granted Amur a first priority lien in the equipment. Cardona also personally guaranteed the loan. Id.

Around June 2024, Cardona defaulted on the loan. (Docket No. 1 at p. 3.) Amur declared the full outstanding obligation due, but Cardona did not cure the default. Id. As of November

---

[2] Cynosure is referred to as Cynosure Lutronic, Cynosure LLC and Cynosure Inc. in different pleadings.

2024, Cardona owed Amur $168,433.11, plus interest, late charges, attorneys' fees, costs and all other amounts due under the EFA. Id. at p. 4.

Amur filed this action against Cardona on January 1, 2025, claiming breach of contract. Id. Cardona answered, filed a counterclaim, and reserved the right to file a third-party complaint. (Docket No. 12.) Cardona alleged that Cynosure defrauded him when they sold him the medical equipment, that Amur had knowledge that he was being defrauded, and that the EFA was agreed to under fraudulent pretenses. Id. at p. 3.

On April 4, 2025, Cardona filed a third-party complaint against Cynosure and Spark. (Docket No. 18.) Cardona alleged that Cynosure promised him a certain number of clients and monthly profits from using the equipment if he agreed to hire Spark, and that he relied on these promises when purchasing the medical equipment. (Docket No. 18 at. p. 3.)

On April 21, 2025, Amur moved to dismiss the counterclaim. (Docket No. 23.) The Court referred the motion to Magistrate Judge Héctor L. Ramos-Vega. (Docket No. 24.) On May 15, 2025, Cardona filed an amended counterclaim and third-party complaint against Cynosure and Spark. (Docket No. 42.)[3] Amur

---

[3] The renewed motion to dismiss is virtually identical to the motion to dismiss on Docket No. 23.

renewed its motion to dismiss the counterclaim.  (Docket No. 42.) Cardona opposed, and Amur sur-replied.  (Docket No. 47; Docket No. 52.)  On June 2, 2025, Cynosure moved to dismiss the third-party complaint.  (Docket No. 43.)  Cardona opposed, Cynosure replied to the opposition, and Cardona sur-replied.  (Docket No. 48; Docket No. 51; Docket No. 53.)  The Court referred Cynosure's motion to Magistrate Judge Ramos on July 7, 2025.  (Docket No. 54.) Magistrate Judge Ramos issued an R&R on August 13, 2025.  (Docket No. 56.)  Cardona objected and Amur responded.  (Docket No. 59; Docket No. 60.)  Cynosure failed to respond.

## II.  Standard of Review

### A. Report & Recommendation Standard

A district court may refer a pending motion to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); L.Civ.R. 72(a).  Any party adversely affected by the R&R may file written objections within fourteen days of being served with the magistrate judge's report.  See 28 U.S.C. § 636(b)(1); L.Civ.R. 72(d).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Álamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (Domínguez, J.). Furthermore, the Court may accept those parts of the R&R to which the parties do not object. See Hernández-Mejías v. Gen. Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (Fusté, J.) (citation omitted).

**B. Motion to Dismiss for Failure to State a Claim**

Pursuant to Rule 12(b)(6), defendants may move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must set forth sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the Court can reasonably infer that the defendant is liable for the misconduct alleged. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [a court] to draw on [its] judicial experience and common

sense." Zenón v. Guzmán, 924 F.3d 611, 616 (1st Cir. 2019) (internal quotation marks omitted). A complaint that adequately states a claim may proceed even if "recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 13 (internal quotation marks and citations omitted). As the counter-plaintiff, Cardona shoulders the burden of alleging a plausible cause of action. Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016).

**III. Discussion**

    **A. Amur's Motion to Dismiss**

Cardona objects to the R&R's findings on Amur's motion to dismiss on four grounds: (1) he did not waive his right to bring a counterclaim; (2) he did not fail to state a claim; (3) rescission of the contract is a remedy; and (4) the counterclaim should not be dismissed with prejudice. (Docket No. 59 at pp. 2-5.) His first three objections turn on his allegation that the EFA is not valid because Amur committed fraud. Because these are all contingent on whether he pled enough to satisfy a fraud claim, the Court addresses these objections together.

    **1. Choice of Law**

Before addressing Cardona's objections, the Court must consider the choice-of-law issue. The magistrate judge determined that Nebraska law applied as agreed by the parties in the EFA. Cardona has not objected this finding. The Court, however,

Civil No. 25-1017 (FAB)                                                     8

conducted its independent review and agrees.  As a court sitting in diversity, the Court applies the substantive law of the forum state, Puerto Rico.  Shelley v. Trafalgar House Public Ltd. Co., 918 F.Supp. 515, 521 (D.P.R. Mar. 11, 1996) (Domínguez, J.).  "In torts and contracts cases, Puerto Rico law follows the Restatement (Second) of Conflict of Laws."  Efron v. UBS Fin. Servs. Inc., Civ. No. 24-1168, 2025 WL 966796, at *15 (D.P.R. Mar. 31, 2025) (Méndez-Miró, J.).

The Court first looks at whether the clause encompasses the claims before the Court.  See Efron, 2025 WL 966796, at *12-15 (D.P.R. Mar. 31, 2025) (Méndez-Miró, J.); Westernbank Puerto Rico v. Kachkar, Civ. No. 07-1606 (ADC), 2009 WL 63379449, at *12 (D.P.R. Dec. 10, 2009) (McGiverin, M.J.), R&R adopted, 2010 WL 1416521 (D.P.R. Mar. 31, 2010).  The EFA's choice of law clause states that:

> This EFA . . . shall be governed by the laws of the state of Nebraska (without regard to its conflict of laws principles) regardless of the location of the collateral.  You agree that we have the option to choose the venue, forum and state in which we commence any legal action or proceeding arising directly or indirectly and/or otherwise related to this EFA, any contract document and/or the collateral . . . .

(Docket No. 1-4 at p. 3.)  The clause broadly encompasses "any legal action or proceeding arising directly or indirectly and/or otherwise related to this EFA."  Id.  Therefore, it contemplates

different types of claims.  Cardona alleges Amur fraudulently induced him to enter into the EFA.  So, the counterclaim is related to the EFA.  According to the Restatement, "questions involving the effect of misrepresentation, duress, undue influence and mistake upon a contract are determined by the law chosen by the parties, if they have made an effective choice [under section 187 of the Restatement.]"  Restatement (Second) of Conflict of Laws § 201, cmt. a. (Am. Law Inst. 1971).  Cardona argues that the contract was entered into by reason of a fraudulent misrepresentation, but that does not mean that the choice of law clause will be denied effect unless the misrepresentation "was responsible for the complainant's adherence to the provision."  Id. at cmts. b, c.  Cardona does not allege that his agreement to apply Nebraska law was tainted by fraud.

      Nor is the Nebraska choice of law clause invalid pursuant to section 187 of the Restatement.  Id.  Pursuant to section 187, choice of law clauses will be applied unless "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice or application of the law chosen state would be contrary to a fundamental policy of a state which has materially greater interest than the chosen state in the determination of the particular issue."  Clearview Ltd. LLC v. Reof Cap. LLC, Civ. No. 24-1503,

Civil No. 25-1017 (FAB)                                              10

2025 WL 2083751, at *3 (D.P.R. July 24, 2025) (Antongiorgi-Jordán, J.); see also Shelley, 918 F. Supp. at 521; Restatement (Second) of Conflict of Laws § 187 (Am. Law Inst. 1971).  Nebraska has a substantial relationship to the parties because Amur's principal place of business is Nebraska and the funds were disbursed from Nebraska.  See Docket No. 1-4.  Cardona also does not argue that the clause is contrary to a fundamental policy of a state which has a materially greater interest.  Cardona does not argue Puerto Rico has a materially greater interest because he is domiciled here or that the collateral is here.  He also does not point to any fundamental policy that would be affected by applying Nebraska law, nor can the Court discern any.  Accordingly, the Court will apply Nebraska law.

   **2. Failure to State a Fraud Claim**

   As previously mentioned, the Court will look at Cardona's fraudulent misrepresentation counterclaim generally to address his objections that he properly alleged a fraud claim, that he did not waive his right to file a counterclaim, and that rescission is a valid remedy.  Because Cardona's counterclaim is based on fraud, his claim will only survive a Rule 12(b)(6) if he meets the heightened pleading standard under the Fed. R. Civ. P. 9(b).  Fraud claims require the complaint to allege with particularity the "who, what, where, and when of the allegedly

Civil No. 25-1017 (FAB)                                              11

false or fraudulent representation." Rodi v. S. New England Sch. Of L., 389 F.3d 5, 15 (1st Cir. 2004) (quoting Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir.2004)).

Here, Cardona has failed to meet the fraud pleading standard under Rule 9(b).  Cardona's sole allegation against Amur is that "Amur knowing that Dr. Cardona was being defrauded by the fraudulent promises made by Cynosure LLC and Spark Medical Marketing, participated and entered into an equally fraudulent contract."  (Docket No. 35 at p. 3.)  There are no specific allegations as to who Cardona spoke to in Amur, what was said, and when and where the misrepresentation occurred.

This allegation would not be sufficient even to meet the Rule 12(b)(6) standard.  To state a claim of fraudulent misrepresentation under Nebraska law, a plaintiff must allege (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that it was made with the intention that it be relied upon; (5) that the alleging party reasonably did so rely; and (6) that the alleging party suffered damage as a result. See Cao v. Nguyen, 607 N.W.2d 528 (Neb. 2000).  Cardona does not allege that Amur made a representation to him, only that Cynosure did so. Therefore, his claim fails with the first element.

In his objections, Cardona claims that representatives from Amur promised him more than thirty clients, $30,000 in monthly profits, and geographic exclusivity for up to 15 miles if he used Spark Medical Marketing as his marketing service.  (Docket No. 59 at p. 3.)  He also states that "[Amur] represented itself as the sole financing company working hand in hand with Cynosure Inc. to sell this company's products with the promises made by this seller."  (Docket No. 47 at p. 4.)  A court "can consider (a) 'implications from documents' attached to or fairly 'incorporated into the [counterclaim],' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in [the counterclaim] plaintiff's 'response to the motion to dismiss.'"  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n. 2 (1st Cir. 2005)).  But these are not implications from documents attached or incorporated into the counterclaim; they are not facts susceptible to judicial notice; and they are not concessions in Cardona's response to the motion to dismiss.  Therefore, the Court does not consider them.  And even if the Court did consider these matters, Cardona does not state who from Amur represented that they were Cynosure's only finance company, and when and where such a statement was made.

Accordingly, Cardona has failed to state a fraudulent misrepresentation claim. Therefore, his objection to the R&R's finding that rescission is not a valid remedy is moot because the contract between Amur and Cardona is not a product of fraud. Additionally, the Court adopts the R&R's finding that Cardona waived filing a counterclaim.[4]

### 3. Dismissal With Prejudice

Cardona's final objection is that his counterclaim should not be dismissed with prejudice because "the merits of this case have been proven." (Docket No. 59 at p. 5.) As discussed above, Cardona has not alleged facts that raised a plausible claim. "Normally, a Rule 12(b)(6) dismissal is with prejudice because it constitutes a final decision on the merits." López-Rivera v. Hospital Auxilio Mutuo, Inc., 247 F. Supp. 3d 185, 189 (D.P.R. Mar. 30, 2017) (Delgado-Colón, J.). And Cardona has not requested leave to amend his counterclaim. Accordingly, Cardona's counterclaim is dismissed with prejudice.

---

[4] In his response to the motion to dismiss, Cardona argued that he did not waive filing a counterclaim because the contract was one of adhesion. While Cardona objected to the magistrate judge's finding upholding the waiver, he did not object to the magistrate judge's reasoning about the contract of adhesion. Therefore, he waived review of this finding. The Court, however, conducted its independent review and agrees that Cardona waived review of this finding. See Davet, 973 F.2d at 30-31.

**B. Cynosure's Motion to Dismiss**

Cardona also objects to the R&R's finding on Cynosure's motion to dismiss. Magistrate Judge Ramos found that the third-party complaint should be dismissed because there is an enforceable mandatory forum selection clause in the Purchase Agreement[5] between Cardona and Cynosure. (Docket No. 56 at pp. 13-14.) Cardona argues the forum selection clause is not enforceable because the contract was signed due to Cynosure's fraud and it would cause dual litigation over the same set of facts. (Docket No. 59 at p. 6.)

"Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." Claudio-De León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41, 46 (1st Cir. 2014). A permissive forum selection clause authorizes jurisdiction and venue in a specific forum but does not preclude litigation elsewhere, while a mandatory forum selection clause contains clear language that jurisdiction and venue is solely appropriate in the designated forum. Id.

---

[5] The Purchase Agreement was not included in the third-party complaint but was included in Cynosure's motion to dismiss. (Docket No. 35; Docket No. 43-1.) The Court will consider the Purchase Agreement because it is referenced in the third-party complaint and Cardona does not dispute that he signed the agreement. See Schatz, 669 F.3d at 55 (quoting Arturet-Vélez, 429 F.3d at 13 n. 2); Docket No. 35 at pp. 2-3.

The magistrate judge determined that the Purchase Agreement has a mandatory forum selection clause, and Cardona did not object to this finding. (Docket No. 59 at p. 14.) The Court, however, conducted its independent review and agrees. The Purchase Agreement states, "[t]he Customer agrees to submit all disputes arising out of, or relating to, this Agreement to a court in Boston, Massachusetts." (Docket No. 43-1 at p. 3, 5.) When looking at forum selection clauses the Court "base[s] [its] conclusion on the specific language of the contract at issue." Rivera, 575 F.3d at 17. The language "agrees to submit all claims" refers to Cardona's agreement to assert any cause of action that he may have against Cynosure in a Massachusetts court. See id. at 18. Therefore, the forum selection clause is mandatory.

Cardona's sole objection is that the clause is not enforceable. (Docket No. 59 at p. 6.) Forum selection clauses are *prima facie* valid and will be enforced unless the party opposing the enforcement makes a strong showing demonstrating that the clause is unreasonable. Carter's of New Bedford, Inc. v. Nike, Inc., 790 F.3d 289, 292 (1st Cir. 2015) (citing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). "A strong showing can exist where: (1) the clause is the product of fraud or overreaching; (2) enforcement is unreasonable and unjust; (3) its enforcement would render the proceedings gravely difficult and inconvenient to the

point of practical impossibility; or (4) enforcement contravenes "a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision." Id. (citing Huffington v. T.C. Grp., LLC, 637 F.3d 18, 23 (1st Cir. 2011)).

The only relevant factor here is the third one.[6] Cardona argues that enforcing the clause would be unreasonable because it would cause dual litigation over the same facts. The Court agrees with the magistrate judge's findings. The litigation is not dual; the cases are based on two different contracts that apply laws from different states. And even if the counterclaim and third-party complaint were based on the same set of facts, the counterclaim has been dismissed. There is no reason to keep the third-party complaint before this Court. Accordingly, the Court grants Cynosure's motion, and the third-party complaint is dismissed without prejudice.

---

[6] In his objections, Cardona argues for the first time that the clause is a product of fraud. See Docket No. 59 at p. 6. "Courts in this [d]istrict [ ] have consistently held that failure to present evidence to a Magistrate Judge constitutes waiver when seeking review by the District Court." E. Moran, Inc. v. Tomgal, LLC, Civ. No. 2-1647, 2023 WL 6307000, at *6 (D.P.R. Sept. 28, 2023) (Delgado-Colón, J.) (citing Molinelli-Freytes v. Univ. of Puerto Rico, 2012 WL 4664599, at 8 (D.P.R. 2012); Roselló v. Avon Prods., Inc., 2015 WL 5693018, at n.1 (D.P.R. 2015)). Therefore, the Court will not address this argument.

**IV. Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Docket No. 56) and **GRANTS** Amur's motion to dismiss and amended motion to dismiss the counterclaim.  (Docket No. 23; Docket No. 42.)  The fraudulent misrepresentation counterclaim is **DISMISSED WITH PREJUDICE.**  Cynosure's motion to dismiss the third-party complaint is **GRANTED.**  (Docket No. 43.)  Pursuant to the Purchase Agreement's forum selection clause, the claim against Cynosure is **DISMISSED WITHOUT PREJUDICE.**

Partial Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 16, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE